Bishop *v.* Bishop.

(No. 241032—Decided March 21, 1969.)

Common Pleas Court of Summit County.

*Mr. John A. Bailey,* for plaintiff.
*Mr. Ernest W. Teodosio,* for defendant.

Koledin, J. This matter came on for hearing on the motion of the defendant husband asking the court to review the findings of the referee and the referee's recommendations regarding a motion that was filed by the defendant husband.

In the motion, the defendant moved that the court terminate the alimony payments awarded by the court on the grounds that the plaintiff wife is guilty of misconduct and fraud. The motion was submitted to the court upon the stipulated facts.

The court finds, from reviewing the stipulated facts and the file, that the parties were originally married August 25, 1967, and there were no children born as issue of the marriage.

On August 1, 1963, the wife filed a petition alleging that the defendant was guilty of gross neglect of duty and extreme cruelty, and prayed that the court would grant

to her permanent alimony. To this petition there was filed an answer and cross-petition of the defendant. The matter came on for hearing on these pleadings, and on September 24, 1964, the court did find that the plaintiff was entitled to a decree of alimony as prayed for.

The court at that time made certain divisions of real property and ordered the defendant husband to pay to the plaintiff wife the sum of $20 a week plus poundage through the clerk's office. This sum of money was to be paid when the plaintiff no longer received an allotment of a portion of a certain veteran's pension received by the defendant husband.

The parties stipulated that on July 19, 1967, the plaintiff wife was admitted to the St. Thomas Hospital for medical attention, which both parties conceded was because of a pregnancy that the plaintiff wife had and that pregnancy was not due to her husband. Further, that the bill was sent to the defendant husband's employer and the defendant husband's hospitalization did pay the bill.

The parties also stipulated that there was a judgment for arrearages granted to the plaintiff wife about November of 1966 in the sum of $1,260, at which time the court ordered that the defendant pay that arrearage at the rate of $5 a week. Since that time, the defendant has paid the $20 a week, plus $5 a week on the arrearage of $1,260, and is not in arrears in any of his payments.

The referee in his findings overruled the motion of the defendant husband on the ground that he had come into court with unclean hands and ordered that the alimony payments of $20 a week be continued.

The defendant husband, through his attorney, contends that by reason of the fact of the wife's misconduct in becoming pregnant by another man, this should terminate the alimony as ordered by the court in the final hearing.

It is the plaintiff wife's contention, through her attorney, that it is discretionary with the court on the basis of what is best for society and the parties, and that he is in violation of the court order by reason of his $1,000 arrearage for which judgment had been granted.

As stated before, they both concede that there has

been no arrearage since the judgment and order by the court for him to pay on such judgment.

In their stipulation of facts, the attorneys did submit certain citations, namely: 18 Ohio Jurisprudence 2d 94, Section 152; 6 A. L. R. 2d 859; and 17 American Jurisprudence, 491 to 496, Sections 643, 645 and 649.

Neither of the attorneys has submitted any case law from the state of Ohio regarding this question.

The court has reviewed the citations given by the attorneys and also found that there was no case law in the state of Ohio that would set a precedent in this matter. All the citations submitted by the attorneys, however, deal with the question of terminating an order of alimony where there was a divorce granted. None of the citations deal with the question at hand.

In the state of Ohio, under Section 3105.17, Revised Code, there are six grounds wherein a petition or a cross-petition may be filed and the court may grant alimony.

Under Section 3105.18, Revised Code, entitled "Alimony," it sets out the method of payment and to whom the court may allow alimony. Section 3105.01, Revised Code, sets out ten grounds for which the Common Pleas Court may grant a divorce.

It is the opinion of this court that the method of payment of alimony under Section 3105.18 applies to both the divorce section and the alimony section.

The court turned to 3 Nelson on Divorce and Annulment, Chapter 32, to further research the law, and the court came to the conclusion that there is a distinction between alimony as incident to a divorce and alimony awarded as under Section 3105.17, Revised Code. Paragraph 32.05 of Nelson on Divorce and Annulment states:

"Separate maintenance proceedings are related to actions for divorce from bed and board, limited divorce, or judicial separation, as they are variously known, somewhat more closely than to the ordinary actions for absolute divorce. A decree of divorce from bed and board, limited divorce or judicial separation, does not dissolve the marriage or sever the matrimonial bonds. It is in the nature of a conditional or provisional decree, which merely

suspends the marriage relation, relieves both of the parties from their obligations and rights as to cohabitation, and fixes the amount thereafter to be contributed or paid by one to the other by way of support."

In Paragraph 32.04, it states:

"On the other hand, the object of a divorce action differs from that of a separate maintenance proceeding in that the former is an action to dissolve the marriage relation and extinguish its obligations except in so far as the duty of support is preserved by provisions of the decree requiring the payment of alimony, as well as to determine the property rights of the parties and fix the status of any minor child or children of the marriage, while the latter is a proceeding in affirmance of the marriage relation and to enforce its obligations in respect of the support of the wife during the continuance of the marriage. *It does not contemplate a termination of the marriage relation, but a continuation thereof.*"

It is the opinion of this court that where a court finds that a husband is liable for the support of his wife by reason of his aggressions in an alimony action only, the wife is entitled to preserve her marriage by this action, and that the court should make an order for alimony so that she does not become a public charge.

On the other hand, it is the opinion of this court that the wife is also asking for the preservation of the marriage, and the theory of the law indicates that at some time there may be a resumption of the relationship between husband and wife or a reconciliation between the parties. It is the opinion of this court that the wife may forfeit her right to continued maintenance for her misconduct at a later time.

The facts in this case indicate that the wife committed adultery, in spite of the fact that she was still married to the defendant husband. Therefore, the court orders that the motion of the defendant husband be sustained on the grounds that she was guilty of misconduct.

The court further orders, however, that there is owing to the plaintiff the sum of alimony due under the judgment. However, all future payments will be terminated.